MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------X

AURELIO FLORES MORENO and LUCINO MORALES VICTORIA *individually and on behalf of others similarly situated,*

                              *Plaintiffs*,

-against-

JJ FOOD MARKET CORP. (d/b/a JJ FOOD MARKET), and JULIAN RAMOS.

                              *Defendants.*

------------------------------------------------------X

**COMPLAINT**

**Collective Action under 29 U.S.C. § 216(b)**

**ECF Case**

Aurelio Flores Moreno and Lucino Morales Victoria ("Plaintiffs"), individually and on behalf of others similarly situated, by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against JJ Food Market Corp. (d/b/a JJ Food Market) ("Defendant Corporation"), and Julian Ramos (together with Defendant Corporation, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs are former employees of Defendants JJ Food Market Corp. (d/b/a JJ Food Market), and Julian Ramos.

2. Defendants own, operate, and/or control a supermarket located at 153 E. 99th St. (1551 Lexington Avenue), New York, New York 10029 under the name JJ Food Market.

3. Plaintiffs were employed by Defendants as a cashier and a deli worker.

1

4. Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they worked.

5. Defendants failed to maintain accurate recordkeeping of their hours worked, and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay, or for any additional overtime premium.

6. Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours.

7. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

8. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

12. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

13. Plaintiff Aurelio Flores Moreno ("Plaintiff Flores" or "Mr. Flores") is an adult individual residing in Bronx County, New York. He was employed by Defendants from approximately March 2012 until on or about September 2016.

14. Plaintiff Lucino Morales Victoria ("Plaintiff Morales" or "Mr. Morales") is an adult individual residing in Bronx County, New York. He was employed by Defendants from approximately June 2010 until on or about September 2016.

*Defendants*

15. At all times relevant to this complaint, Defendants owned, operated, and/or controlled a supermarket located at 153 E. 99th St. (1551 Lexington Avenue), New York, New York 10029, under the name JJ Food Market.

16. Upon information and belief, JJ Food Market Corp. is a domestic corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 153 E. 99th St. (1551 Lexington Avenue), New York, New York, 10029.

17. Defendant Julian Ramos is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Julian Ramos is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

18. Upon information and belief, Defendant Julian Ramos possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

19. Defendant Julian Ramos determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20. Defendants operate a supermarket under the name JJ Food Market, located in the East Harlem section of New York, New York.

21. Upon information and belief, Individual Defendant Julian Ramos possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

24. Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

26. Upon information and belief, Individual Defendant Julian Ramos operates defendant Corporation as either an alter ego of himself, and/or fail to operate Defendant Corporation as an entity legally separate and apart from himself, by, among other things:

   a. failing to adhere to the corporate formalities necessary to operate defendant Corporation as a separate and legally distinct entity;

   b. defectively forming or maintaining defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

   c. transferring assets and debts freely as between all Defendants;

   d. operating defendant Corporation for his own benefit as the sole or majority shareholder;

   e. operating defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely held controlled entity;

   f. intermingling assets and debts of his own with defendant Corporation;

   g. diminishing and/or transferring assets to protect his own interests; and

   h. other actions evincing a failure to adhere to the corporate form.

27. In each year from 2011 to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

28. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used and sold daily at JJ Food Market, such as olive oil, meats and cheeses were produced outside the state of New York.

*Plaintiffs*

29. Plaintiffs are former employees of Defendants, who were employed by Defendants as a cashier and a deli worker.

30. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Aurelio Flores Moreno*

31. Plaintiff Flores was employed by Defendants from approximately March 2012 until on or about September 2016.

32. During this time, Plaintiff Flores was employed by Defendants as a deli worker.

33. Plaintiff Flores regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

34. Plaintiff Flores' work duties required neither discretion nor independent judgment.

35. Plaintiff Flores regularly worked in excess of 40 hours per week.

36. From approximately March 2012 until on or about September 2016, Plaintiff Flores worked from approximately 2:00 p.m. until on or about 12:15 a.m. six days a week (typically 61.5 hours per week).

37. In addition, defendants required Plaintiff Flores to work seven days a week 15 to 20 times a year (typically 71.75 hours per week).

38. Throughout his employment with Defendants, Plaintiff Flores was paid his wages in cash.

39. From approximately March 2012 until on or about March 2013, defendants paid Plaintiff Flores a fixed salary of $540 per week.

40. From approximately April 2013 until on or about April 2014, defendants paid Plaintiff Flores a fixed salary of $580 per week.

41. From approximately May 2014 until on or about September 2016, defendants paid Plaintiff Flores a fixed salary of $600 per week.

6

42. Plaintiff Flores' wages did not vary regardless of how many additional hours he worked in a day or week.

43. In fact, defendants required Plaintiff Flores to continue working 15 minutes past his scheduled stop time six days a week, and did not compensate him for the additional time they required him to work.

44. Similarly, defendants required Plaintiff Flores to work 14 hours a day to cover for a fellow worker at least twice a month, and did not compensate him for the additional time they required him to work.

45. Defendants never granted Plaintiff Flores a meal break or rest period of any length.

46. Defendants never provided Mr. Flores with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

47. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Flores regarding overtime and wages under the FLSA and NYLL.

48. Plaintiff Flores was not required to keep track of his time, nor to his knowledge, did Defendants utilize any time tracking device, such as sign in sheets or punch cards, to accurately reflect his actual hours worked. However, Defendants required Plaintiff Flores to sign a document that incorrectly stated his time of arrival and departure.

49. Defendants never provided Plaintiff Flores with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

50. Defendants never provided any notice to Plaintiff Flores in English and in Spanish (Plaintiff Flores' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

51. Defendants required Plaintiff Flores to purchase "tools of the trade" with his own funds- including 3 pairs of shoes per year, 24 pants and 30 shirts.

*Plaintiff Lucino Morales Victoria*

52. Plaintiff Morales was employed by Defendants from approximately June 2010 until on or about September 2016.

53. Plaintiff Morales was employed by Defendants as a cashier.

54. Plaintiff Morales regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

55. Plaintiff Morales' work duties required neither discretion nor independent judgment.

56. Plaintiff Morales regularly worked in excess of 40 hours per week.

57. From approximately November 2011 until on or about September 2016, Plaintiff Morales worked from approximately 2:00 p.m. until on or about 12:15 a.m. seven days a week (typically 71.75 hours per week).

58. Throughout his employment with Defendants, Plaintiff Morales was paid his wages in cash.

59. From approximately November 2011 until on or about June 2015, defendants paid Plaintiff Morales a fixed salary of $450 per week.

60. From approximately June 2015 until on or about September 2016, defendants paid Plaintiff Morales a fixed salary of $750 per week.

61. Plaintiff Morales' wages did not vary regardless of how many additional hours he worked in a day or week.

62. In fact, defendants required Plaintiff Morales to continue working 15 minutes past his scheduled stop time seven days a week, and did not compensate him for the additional time they required him to work.

63. Defendants never granted Plaintiff Morales a meal break or rest period of any length.

64. Defendants never provided Mr. Morales with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

65. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Morales regarding overtime and wages under the FLSA and NYLL.

66. Plaintiff Morales was not required to keep track of his time, nor to his knowledge, did Defendants utilize any time tracking device, such as sign in sheets or punch cards, to accurately reflect his actual hours worked. However, Defendants required Plaintiff Morales to sign a document that incorrectly stated his time of arrival and departure.

67. Defendants never provided Plaintiff Morales with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

68. Defendants never provided any notice to Plaintiff Morales of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

69. Defendants never provided any notice to Plaintiff Morales in English and in Spanish (Plaintiff Morales' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

70. Defendants regularly required Plaintiffs to work in excess of forty (40) hours per week without paying them the proper minimum wage, spread of hours pay and overtime compensation.

71. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage, overtime compensation and "spread of hours" pay, as required by federal and state laws.

72. Defendants' pay practices resulted in Plaintiffs and all similarly situated employees not receiving payment for all of their hours worked, resulting in their effective rate of pay falling below the required minimum wage rate.

73. Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

74. Defendants failed to post required wage and hour posters in the workplace, and did not provide Plaintiffs and all similarly situated employees with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of the employees' relative lack of sophistication in wage and hour laws.

75. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

76. Defendants did not provide Plaintiffs and all similarly situated employees with any document or other statement accurately accounting for their actual hours worked, and setting forth the minimum and the overtime wage rates.

77. Plaintiffs and all similarly situated employees were paid their wages in cash.

78. Upon information and belief, this was done to disguise the actual number of hours Plaintiffs worked, and to avoid paying them properly for (1) their full hours worked, (2) the minimum wage, (3) spread of hours pay and (4) overtime due.

79. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

80. Defendants' unlawful conduct was intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and other similarly situated current and former workers.

81. Plaintiffs' experiences were representative of all those who were similarly situated, who worked for the Defendants, who were paid in cash and never received any document or statement that stated the rate of pay or actual number of hours worked.

82.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

83.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

84.     Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

85.     At all relevant times, Plaintiffs, and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans

including willfully failing and refusing to pay them the required minimum and overtime wages, and willfully failing to keep records required by the FLSA.

86. The claims of Plaintiffs stated herein are similar to those of the other similarly situated employees.

### FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

87. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

88. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

89. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203 (r-s).

90. Defendants failed to pay Plaintiffs and the FLSA Class members at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

91. Defendants' failure to pay Plaintiffs and the FLSA Class members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

92. Plaintiffs and the FLSA class members were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

93. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

94. Defendants, in violation of the FLSA, failed to pay Plaintiffs and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207(a)(1).

95. Defendants' failure to pay Plaintiffs and the FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

96.     Plaintiffs and the FLSA class members were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

97.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

98.     Defendants, in violation of the NYLL, paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

99.     Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of NYLL § 663.

100.    Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATION OF THE OVERTIME PROVISIONS OF THE
## NEW YORK LABOR LAW)

101.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

102.    Defendants, in violation of the NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

103.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

104.    Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR)

105.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

106.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum

wage rate before allowances for each day Plaintiffs spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

107. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

108. Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

109. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

110. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

111. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorney's fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

112. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

113. Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

114. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorney's fees.

## EIGHTH CAUSE OF ACTION
### RECOVERY OF EQUIPMENT COSTS

115. Plaintiff Flores repeats and realleges all paragraphs above as though set forth fully herein.

116. Defendants required Plaintiff Flores to pay, without reimbursement, the costs and

expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as pants and shirts, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

117.    Plaintiff Flores was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(c)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiffs and the FLSA class members;

(e)    Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)    Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)    Declaring that Defendants violated the minimum wage provisions of, and rules and

orders promulgated under, the NYLL;

(h) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

(i) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations;

(j) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(l) Declaring that Defendants violated the provisions of section 191 of the NYLL;

(m) Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p) Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is

then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

    (s)    All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
December 1, 2017

                              MICHAEL FAILLACE & ASSOCIATES, P.C.

              By:    /s/ Michael Faillace
                        Michael Faillace [MF-8436]
                        60 East 42nd Street, Suite 4510
                        New York, New York 10165
                        Telephone: (212) 317-1200
                        Facsimile: (212) 317-1620
                        *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 22, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name/ Nombre:                                  Aurelio Flores-Moreno

                                               Michael Faillace & Associates, P.C.

Legal Representative/ Representante Legal:

Signature/ Firma:

                                                      November 22, 2017

Date/ Fecha:

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 22, 2017

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                   Lucino Morales Victoria

Legal Representative / Abogado:  Michael Faillace & Associates, P.C.

Signature / Firma:               [signature]

Date / Fecha:                    22 de noviembre de 2017