UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

AURELIO FLORES MORENO and LUCINO
MORALES VICTORIA,

                Plaintiffs,

   -v-                                    No. 17 CV 9439-LTS-KNF

153 J AND J FOOD MARKET CORP., doing
business as JJ FOOD MARKET, and JULIAN
RAMOS,

                Defendants.

-----------------------------------------------------------X

MEMORANDUM ORDER

        The Court has received and reviewed the parties' joint request for approval of the proposed settlement agreement in this Fair Labor Standards Act ("FLSA") case. (See docket entry no. 102.) "[B]efore a district court enters judgment [on an FLSA settlement agreement], it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Id. (internal quotation marks and citation omitted). In determining whether a settlement is fair and reasonable, a court considers the totality of the circumstances, encompassing a range of factors including: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and

(5) the possibility of fraud or collusion." Id. (internal quotation marks and citation omitted).

"[F]actors that weigh against approving a settlement also include the following: (1) 'the presence of other employees situated similarly to the claimant'; (2) 'a likelihood that the claimant's circumstances will recur'; (3) 'a history of FLSA non-compliance by the same employer or others in the same industry or geographic region'; and (4) the desirability of 'a mature record' and 'a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.'" Id. at 336 (citation omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks and citation omitted). Moreover, following the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), parties may not privately settle FLSA claims without approval of either the district court or the Department of Labor. In dicta in Cheeks, the Second Circuit expressed hesitation with respect to the validity of settlement agreements containing confidentiality provisions, general releases, or excessive attorneys' fees. See generally id.

The Court has carefully considered the parties' joint submission, which includes the parties' settlement agreement, Plaintiffs' counsel's calculation of Plaintiffs' estimated recoverable damages if this case were to proceed to trial, and Plaintiffs' counsel's time sheets. (See docket entry nos. 102-1 through 102-3.) In light of the factors articulated above, as well as the Court's review of the agreement and the parties' representations as set forth in Plaintiffs' letter dated June 25, 2021 (docket entry no. 102), the Court finds that the proposed settlement

agreement, including the attorneys' fees and expense award component, is fair and reasonable and that it satisfies the requirements of <u>Cheeks</u>.

      SO ORDERED.

Dated: New York, New York
       June 28, 2021

                                             /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge